UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RON FERRARO, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-4992** |
| **LIBERTY MUTUAL INSURANCE CO., et al.** | **SECTION: "G"(2)** |

### ORDER AND REASONS

This litigation arises out of Ron and Patricia Ferraro's (collectively, "Plaintiffs") claims for flood insurance proceeds after their home was damaged by Hurricane Isaac. Before the Court is Defendant Liberty Mutual Fire Insurance Company's ("Defendant") "Motion for Summary Judgment," wherein Defendant contends that Plaintiffs failed to submit a signed, sworn proof of loss in violation of the flood insurance policy terms.[1] Having considered the pending motion, the memorandum in support, the memorandum in opposition, the reply,[2] the record, the applicable law, the Court will grant the motion.

### I. Background

#### A.    Factual Background

Plaintiffs own property at 133 Somerset Road, LaPlace, Louisiana.[3] To insure the property, Plaintiffs purchased a Standard Flood Insurance Policy ("SFIP") under the National Flood Insurance

---

[1] Rec. Doc. 21.

[2] On June 20, 2014, Defendant filed a "Motion for Leave to File a Reply Memorandum" (Rec. Doc. 25). Defendant did not attach any proposed pleading to the motion; rather, Defendant included a copy of the district court's order in *Estate of Marquez v. Allstate Insurance Company*, No. 13-5692, 2014 WL 2560400 (E.D. La. June 6, 2014) (Lemmon, J.). The Court granted Defendant leave to file a reply on June 20, 2014 (Rec. Doc. 26). However, Defendant has not filed any additional pleading.

[3] Rec. Doc. 1 at ¶ 4.

Program ("NFIP"), issued by Defendant as a "Write-Your-Own" ("WYO") program carrier.[4] The policy was in effect at the time Hurricane Isaac struck the Gulf Coast in August 2012.[5]

Alleging flood damage to the covered property as a result of Hurricane Isaac, Plaintiffs filed a claim for benefits under their SFIP with Defendant.[6] Defendant assigned an independent adjuster, Lee Holcomb, who recommended a total payment of $103,826.83 for damages to the building and its contents.[7] On November 2, 2012, Plaintiffs signed a proof-of-loss form claiming $103,826,83 in damages.[8] On the signature line of the proof-of-loss form, Plaintiffs included the handwritten note "will send supplement later."[9] Following its review of Plaintiffs' claim, Liberty Mutual issued payments to Plaintiffs totaling $103,826.83.[10]

Plaintiffs hired a public adjuster, Dan Onofrey of M&M Insurance Specialists, LLC, to assess their property.[11] On December 12, 2012, Onofrey issued a report finding that Plaintiffs' claims were valued at $320,436.55.[12] Plaintiff submitted Onofrey's report to Defendant seeking

---

[4] *Id.* at ¶ 5.

[5] *Id.*

[6] *Id.* at ¶ 8.

[7] Rec. Doc. 21-1 at p. 4. The Court notes that this fact is taken from Defendant's Motion for Summary Judgment, but is uncontested by Plaintiff. *See* Rec. Doc. 24-4.

[8] Rec. Doc. 21-9 and Rec. Doc. 24-1, "Proof of Loss," dated Nov. 2, 2012.

[9] Rec. Doc. 21-9 and Rec. Doc. 24-1, "Proof of Loss," dated Nov. 2, 2012.

[10] Rec. Doc. 21-1 at p. 4; *see also* Rec. Doc. 21-5, Affidavit of Doreen Decker dated May 21, 2014, at ¶ 12.

[11] Rec. Doc. 24 at p. 2.

[12] *Id.*; *see also* Rec. Doc. 24-2, Estimate prepared by Dan Onofrey, dated Dec. 12, 2012.

2

additional benefits, but never submitted another Proof of Loss form.[13] Defendant has not made any additional payment to Plaintiff.[14]

## B.    Procedural Background

On July 7, 2013, Plaintiffs filed this suit seeking compensation for all flood damage covered under the insurance policy, including property damage, loss of use, recoverable depreciation, mold damage and remediation, debris cleanup and removal, and cost of compliance.[15] Plaintiffs originally named Liberty Mutual Insurance Company, the National Flood Insurance Program ("NFIP"), and the Federal Emergency Management Agency ("FEMA") as defendants.[16] Liberty Mutual Insurance Company was incorrectly named, and on August 26, 2013, Liberty Mutual Fire Insurance Company was identified as the proper defendant.[17] On December 3, 2013, NFIP and FEMA were dismissed by stipulation of the parties.[18]

On May 27, 2014, Defendant filed the pending Motion for Summary Judgment.[19] On June 17, 2014, Plaintiff filed a memorandum in opposition.[20] On June 20, 2014, Defendant filed a "Motion for Leave to File a Reply Memorandum."[21] Defendant did not attach any proposed pleading

---

[13] Rec. Doc. 21-1 at p. 4. The Court notes that this fact is taken from Defendant's Motion for Summary Judgment, but is uncontested by Plaintiff. *See* Rec. Doc. 24-4.

[14]  Rec. Doc. 21-1 at p. 4; Rec. Doc. 24 at p. 2.

[15] Rec. Doc. 1.

[16] *Id.* at ¶ 1.

[17] Rec. Doc. 6.

[18] Rec. Doc. 15.

[19] Rec. Doc. 21.

[20] Rec. Doc. 24.

[21] Rec. Doc. 25.

3

to the motion; rather, Defendant included a copy of the district court's order in *Estate of Marquez v. Allstate Insurance Company*, No. 13-5692, 2014 WL 2560400 (E.D. La. June 6, 2014) (Lemmon, J.).[22] The Court granted Defendant leave to file a reply on June 20, 2014.[23] However, Defendant has not filed any additional pleading.

## II. Parties' Arguments

### A.   Defendant's Argument in Support

Defendant asserts that "Plaintiffs' claims as to Liberty Mutual are due to be dismissed with prejudice as Plaintiffs failed to comply with Article VII(J)(4) of their SFIP, which required the Plaintiffs timely submit a signed and sworn proof of loss for amount being sought in this lawsuit."[24] According to Defendants, "[b]ased upon ten (10) Fifth Circuit decisions, as well as countless decisions by other Courts within the Eastern District of Louisiana, Plaintiffs' failure to submit this proof of loss bars recovery of any additional benefits pursuant to their SFIP."[25]

Defendant contends that "[a] NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with all policy requirements. . . . In the instant suit, the Plaintiffs failed to comply with the pre-suit requirements of the policy, in particular, the Proof of Loss requirement."[26] According to Defendants, "[u]nder normal circumstances, a plaintiff's failure to file a Proof of Loss within sixty (60) days of a flood

---

[22] Rec. Doc. 25-2.

[23] Rec. Doc. 26.

[24] Rec. Doc. 21-1 at p. 3.

[25] *Id.* (citing, *e.g.*, *Collins v. Nat'l Flood Ins. Program*, 394 F. App'x 177, 180 (5th Cir. 2010); *Kidd v. State Farm Fire & Cas. Co.*, 392 F. App'x 241, 244–45 (5th Cir. 2010)).

[26] *Id.* at p. 8.

4

loss event would bar the claim."[27] Defendants acknowledge that following Hurricane Isaac, FEMA authorized extensions "which combined gave the insured a total of 240 days after the date of loss to provide their insurer with a signed and sworn to proof of loss in support of amounts sought pursuant to an SFIP."[28] However, Defendant maintains Plaintiffs have yet to submit a proof of loss and that the time frame for compliance has now passed.[29]

**B.     Plaintiffs' Argument in Opposition**

Plaintiffs aver that "[s]ummary judgment is not warranted because the Ferraros timely submitted proof of loss on November 2, 2012 for the building claims for flood damage to their home sustained during Hurricane Isaac. As such, Plaintiffs timely and satisfactory proof of loss submissions grant them the right to pursue legal damages for such claims via the instant litigation."[30] Plaintiffs reject Defendant's argument that "Plaintiffs allegedly failed to comply with Section VII(J) (which requires an insured to send the SFIP a 'proof of loss') because Plaintiffs did not submit a second proof of loss form for additional payments requested on the same building claims outlined in [the] previously submitted proof of loss."[31] According to Plaintiffs, "[t]he policy at issue, however, does not require Plaintiffs to submit supplementary proof of loss forms to sue for additional *payments* for previously perfected *claims.*"[32]

---

[27] *Id.* at p. 9.

[28] *Id.* at p. 10.

[29] *Id.* at p. 5.

[30] Rec. Doc. 24 at p. 3.

[31] *Id.* at pp. 3–4.

[32] *Id.* at p. 4 (emphasis in original).

5

Plaintiffs maintain that "[t]his Court has directly addressed the issue of whether additional proofs of loss are required for *supplementary amounts* versus *supplementary claims* in Stronger v. Allstate Ins. Co., 2010 WL 148291 (E.D. La. 2010)."[33] According to Plaintiffs, *Stronger* determined that "a supplemental proof of loss was not required merely for a supplemental payment on the same claim."[34] Plaintiffs argue that "the later report submitted by Plaintiffs' public adjuster, Dan Onofrey, demonstrates that Plaintiffs were not making a 'materially different' building and contents loss claims [sic], but instead contested the amount tendered on the same building losses identified in their original proof of loss submissions."[35]

## C.   Defendant's Reply

As noted above, although Defendant was granted leave to file a reply, Defendant never submitted an additional memorandum. Rather, Defendant included a copy of the district court's order in *Estate of Marquez v. Allstate Insurance Company*, No. 13-5692, 2014 WL 2560400 (E.D. La. June 6, 2014) (Lemmon, J.) as an attachment to its motion for leave to file.[36]

## III. Law and Analysis

## A.   Standard on Motion for Summary Judgment

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as

---

[33] *Id.* at p. 6.

[34] *Id.* at p. 7.

[35] *Id.*

[36] Rec. Doc. 25-2.

6

a matter of law."[37] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[38] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[39] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[40]

The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, which it believes demonstrate the absence of a genuine issue of material fact.[41] If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence that would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[42] The nonmoving party can then defeat the motion for summary judgment by either countering with sufficient evidence of its own or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[43] The nonmoving party may not rest upon the pleadings, but must identify specific facts in

---

[37] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[38] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[39] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[40] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[41] *Celotex*, 477 U.S. at 323.

[42] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991).

[43] *Id.* at 1265.

7

the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[44]

**B.      National Flood Insurance Program**

The NFIP is administered by FEMA and the Federal Insurance Administration and underwritten by the U.S. Treasury. All flood loss claims presented under the NFIP are paid directly with U.S. Treasury funds, regardless of whether the policy was issued by the government directly or by a WYO program carrier.[45] As a matter of law, a WYO program carrier may not alter, amend, or waive any provision or condition of NFIP policies; rather, the Federal Insurance Administrator has sole authority for such a waiver, and it must be express and in writing.[46]

A policy issued under the NFIP is called a Standard Flood Insurance Policy (SFIP).[47] A SFIP is a "regulation of [FEMA] stating the conditions under which federal flood-insurance funds may be disbursed to eligible policyholders."[48] Claimants are bound by the terms of the policy, and by the terms of the statutes and regulations. Article IX of the SFIP specifically provides that "[t]his policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et. seq.*), and Federal common law."[49] An insured cannot file a lawsuit

---

[44] *See, e.g.*, *Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[45] *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998); 44 C.F.R. Pt. 62, App. A, Art. III(D)(1).

[46] *See Gowland*, 143 F.3d at 953; 44 C.F.R. § 61.13(d).

[47] *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1054 (5th Cir. 2008).

[48] *Id.* (quoting *Mancini v. Redlands Ins. Co.*, 248 F.3d 729, 733 (8th Cir. 2011)).

[49] 44 C.F.R. Pt. 61, App. A(1), Art. IX.

seeking further federal benefits under the policy unless the insured can show prior compliance with all policy requirements.[50]

The SFIP requires the insured to submit a proof of loss within sixty days in order to be compensated under the flood policy for damages:

> J.    Requirements in Case of Loss
>
> In case of a flood loss to insured property, you must: . . .
>
> 4.    Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
> > a.    The date and time of loss;
> > b.    A brief explanation of how the loss happened;
> > c.    Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
> > d.    Details of any other insurance that may cover the loss;
> > e.    Changes in title or occupancy of the covered property during the term of the policy;
> > f.    Specifications of damaged buildings and detailed repair estimates;
> > g.    Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
> > h.    Details about who occupied any insured building at the time of loss and for what purpose; and
> > i.    The inventory of damaged personal property described in J.3. above.
>
> 5.    In completing the proof of loss, you must use your own judgment concerning the amount of loss and justify that amount.[51]

---

[50] 44 C.F.R. Pt. 61, App. A(1), Art. VII(R).

[51] 44 C.F.R. Pt. 61, App. A(1), Art. VII(J); *see also* Rec. Doc. 21-7, National Flood Insurance Program, Dwelling Form, Standard Flood Insurance Policy, at p. 14.

In certain instances, however, the Federal Insurance Administrator may extend the sixty-day deadline to file a proof of loss.[52] For claims relating to Hurricane Isaac, the Federal Insurance Administrator extended the deadline, giving policy holdings a total of 240 days after the date of loss to provide a completed, signed, and sworn-to proof of loss.[53]

The SFIP gives the insured the right to sue under the policy only if the insured has complied with all of the policy's requirements:

> R.   Suits Against Us
>
> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.[54]

Courts interpret and enforce SFIP provisions strictly.[55] Therefore, as the Fifth Circuit held in *Gowland v. Aetna*, "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."[56]

---

[52] *See* 44 C.F.R. § 61.13(d).

[53] Rec. Doc. 21-10, Memorandum from David L. Miller, Associate Administrator of the Federal Insurance and Mitigation Administration to Write Your Own (WYO) Company Principal Coordinators, the National Flood Insurance Program (NFIP) Direct Servicing Agent, and the Selected Adjusting Firms, dated Mar. 19, 2013, at p. 1.

[54] 44 C.F.R. Pt. 61, App. A(1), Art. VII(R); *see also* Rec. Doc. 21-7, National Flood Insurance Program, Dwelling Form, Standard Flood Insurance Policy, at p. 16.

[55] *Gowland*, 143 F.3d at 954; *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998).

[56] *Gowland*, 143 F.3d at 954.

**C.      Analysis**

The parties do not dispute that on November 12, 2012, Plaintiffs submitted a complete, signed, and sworn-to proof of loss making a net claim of $103,826.83 with a note stating "will send supplement later," and that Defendant paid Plaintiffs $103,826.83.[57] The parties further agree that Plaintiffs submitted a report, prepared by Dan Onofrey with M&M Insurance Specialists, LLC and dated December 12, 2012, asserting a claim of $320,436.55, but that Plaintiffs never submitted an additional signed, sworn-to proof of loss.[58] Finally, it is uncontested that Defendant never paid Plaintiffs any additional amounts.[59]

The language of the SFIP and Fifth Circuit case law interpreting the SFIP unequivocally establish that "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."[60] The proof of loss requirement, like all provisions in the SFIP, must be strictly construed and enforced.[61] In arguing that the policy "does not require Plaintiffs to submit supplementary proof of loss forms to sue for additional *payments* for previously perfected *claims*,"[62] Plaintiff attempts to read-in an exception to the proof of loss requirement that is found nowhere in the text of the SFIP.

---

[57] Rec. Doc. 21-9 and Rec. Doc. 24-1, "Proof of Loss" dated Nov. 2, 2012.

[58] Rec. Doc. 21-1 at p. 4; Rec. Doc. 24 at p. 2; Rec. Doc. 24-2, Estimate prepared by Dan Onofrey, dated Dec. 12, 2012.

[59] Rec. Doc. 21-1 at pp. 4–5; Rec. Doc. 24 at p. 2

[60] *Gowland*, 143 F.3d at 954.

[61] *Gowland*, 143 F.3d at 954; *Forman v. Fed. Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998).

[62] *Id.* at p. 4 (emphasis in original).

In *Richardson v. American Bankers Insurance Company of Florida*,[63] the Fifth Circuit rejected a similar argument that the proof-of-loss requirement does not apply to requests for additional payments. In *Richardson*, the insured's property flooded during Hurricane Katrina.[64] The insured filed a claim, the WYO Program carrier's adjuster determined that the insured was owed $16,125.50, and the carrier paid that amount.[65] The insured subsequently sought an additional $12,900.00 in benefits, and provided invoices and estimates to support this amount.[66] However, he never submitted a signed, sworn-to proof of loss for the additional sum.[67] When the carrier denied any additional payment, the insured filed suit.[68] The district court granted summary judgment in favor of the carrier, determining that because the insured did not submit a sworn-to proof of loss, the suit was precluded under the SFIP.[69] The Fifth Circuit affirmed, explaining:

> Richardson argues that the district court erred in applying a strict proof of loss requirement in a case in which he submitted a claim for losses under his policy, the insurer paid the claim, and the only issue in dispute is the amount of payment. Essentially Richard believes that he could bring suit without ever submitting a sworn proof of loss for the additional sums he claims he is owed under the policy.
>
> Richardson's position is contrary to federal statutory law, the Administrator's Waiver, and our precedent. Pursuant to the waiver, after Katrina, insureds with SFIP coverage could receive payment for losses based on an adjuster's report without submitting a sworn POL [proof of loss] within the normal 60-day statutory period. But if the policyholder disagreed with the insurer's calculation of the amount owed, the policyholder had to submit to the insurer a sworn POL within one year of the date of loss.

---

[63] 279 F. App'x 295 (5th Cir. 2008).

[64] *Id.* at 297.

[65] *Id.*

[66] *Id.*

[67] *Id.*

[68] *Id.*

[69] *Id.*

> This is a strict requirement. . . . Richardson was required to submit a sworn POL within one year of the date of his loss.[70]

While *Richardson* may arguably present a distinguishable situation because the insured there was never required to submit a proof of loss for his initial claim due to the Administrator's waiver in the wake of Hurrican Katrina, other courts have found that additional proofs are required for supplemental requests. For example, in *Sutor v. FEMA*, a case from the Eastern District of Pennsylvania, plaintiffs submitted a proof of loss with their original claim and later filed a supplemental claim via an informal letter.[71] The court rejected plaintiffs' argument that an additional proof of loss was unnecessary:

> [Plaintiffs] assert that "[b]ecause the policy terms must be strictly construed and there is no requirement that supplemental [proofs of loss] be submitted for additional amounts claimed, none are required under the terms of the policy." Plaintiffs are simply wrong. They cite no authority that supports their reading of the SFIP. However, there is substantial authority for the proposition that policyholders must file proofs of loss in support of all claims, including supplemental or additional claims, and that failure to do so warrants summary judgment against the policyholder.[72]

The Northern District of Florida also addressed similar facts in *Ambassador Beach Condominium Association, Inc. v. Omaha Property and Casualty Insurance Co.*[73] In that case, the insured, based on an adjuster's report, submitted a proof of loss in the amount of $225,980.11, which the carrier paid.[74] The insured later sought additional payments but failed to file another proof of loss

---

[70] *Id.* at 298–99.

[71] *Sutor v. Fed. Emergency Mgmt. Agency*, No. 07-2477, 2009 WL 4268457, at *2 (E.D. Pa. Nov. 23, 2009).

[72] *Id.* at *5.

[73] 152 F. Supp. 2d 1315 (2001).

[74] *Id.* at 1316.

13

within the 60-day time frame.[75] The court granted the carrier's motion for summary judgment, concluding that "the claim for additional payments was not supported by a timely proof of loss."[76]

The case cited by Plaintiffs, *Stogner v. Allstate Insurance Company*, lends no support to their position. The court in *Stogner* explained that "it is clear that supplementary proofs of loss are required when a claimant request more in the supplementary claim than in the original claim."[77] However, the court also observed that plaintiff "may" not have had to submit additional proofs of loss where "the same amount is claimed, and only the decision is disputed."[78] The present situation does not fall into the caveat contemplated by *Stogner*. The Ferraros did not make a claim for the same amount; rather, the amount of their claim increased from $103,826.83 to $320,436.55.

## IV. Conclusion

As the Fifth Circuit held in *Gowland v. Aetna*, "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim."[79] In this case, it is uncontested Plaintiffs never submitted a proof of loss for the $320,436.55 that they now seek to recover. Although Plaintiffs maintain that the proof of loss requirement does not apply to requests for additional payment, the language of the SFIP contains no such exception and the case law discussed above indicates that a proof of loss is necessary for all claimed amounts. Therefore, there is no

---

[75] *Id.* at 1317.

[76] *Id.*

[77] 2010 WL 148291 at *4.

[78] *Id.*

[79] *Gowland*, 143 F.3d at 954.

contested issue of material fact and Defendant is entitled to judgment as a matter of law. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion for Summary Judgment"[80] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this __10th__ day of July, 2014.

                                      **NANNETTE JOLIVETTE BROWN**
                                      **UNITED STATES DISTRICT JUDGE**

---

[80] Rec. Doc. 21.