# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**RON FERRARO, et al.**                                    **CIVIL ACTION**

**VERSUS**                                                 **NO. 13-4992**

**LIBERTY MUTUAL INSURANCE CO., et al.**                   **SECTION: "G"(2)**

## ORDER

Before the Court is Ron Ferraro and Patricia Ferraro's (collectively, "Plaintiffs") "Motion to Alter or Amend the Judgment, or Alternatively Reconsideration of Summary Judgment,"[1] wherein they seek amendment or reconsideration of the Court's July 10, 2014 Order[2] granting Defendant Liberty Mutual Fire Insurance Company's ("Liberty Mutual") Motion for Summary Judgment.[3]

**A.      *Standard of Review on Motion for Reconsideration***

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[4] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[5] Such a motion "calls into question the correctness of a judgment,"[6] and courts have considerable discretion in deciding whether to grant such a motion.[7] In exercising this discretion, courts must carefully

---

[1] Rec. Doc. 37.

[2] Rec. Doc. 34.

[3] Rec. Doc. 21.

[4] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[5] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[6] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[7] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

balance the interests of justice with the need for finality.[8] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
>
> (2) the movant presents newly discovered or previously unavailable evidence;
>
> (3) the motion is necessary in order to prevent manifest injustice; or
>
> (4) the motion is justified by an intervening change in controlling law.[9]

A motion for reconsideration, "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[10] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[11] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[12] Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[13] and the motion must "clearly establish" that reconsideration is warranted.[14] When there

---

[8] *Id.* at 355-56.

[9] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[10] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[11] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[12] *Helena Labs.*, 483 F. Supp. 2d at 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[13] *Templet*, 367 F.3d at 478-79 (citation omitted).

[14] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

2

exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[15]

**B.      *Analysis***

Plaintiffs contend that the Court's Order granting Liberty Mutual's Motion for Summary Judgment[16] should be altered or amended because of "newly discovered evidence that was not presented at trial," namely, "an email from Plaintiffs' [sic] to Liberty Mutual's adjuster dated November 2, 2012."[17] According to Plaintiffs,

> In that email, Plaintiff, Mr. Ronald Ferraro, advises Liberty Mutual that he and his wife will need to file a supplemental claim and specifically asks "[a]re there any special forms we need to file for the supplement of work." Additionally, in that November 2, 2012, email, Mr. Ferraro explained to Liberty Mutual why they needed additional funds to repair the flood damaged flooring in their home. In response to Plaintiffs' inquiry about making a supplemental claim, Liberty Mutual responded to Plaintiffs as follows: "No special forms for the supplement. Just send the info that you have from Inspector 21 and I will be able to let you know if it will be ok, then **I can do a supplement.**[18]

Plaintiffs contend that this email demonstrates that "Liberty Mutual specifically advised Plaintiffs that they did not need to use any 'special forms for the supplement.'"[19] Additionally, Plaintiffs aver that the email, "upon which they relied, is the reason that Plaintiffs continued to submit information

---

[15]  *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[16]  Rec. Doc. 34.

[17]  Rec. Doc. 37-1 at p. 2 (citing Rec. Doc. 37-2). The Court notes that no trial has commenced in this case.

[18]  *Id.* at pp. 2–3 (emphasis in original) (citing Rec. Doc. 37-2).

[19]  *Id.* at p. 3.

on their claim, including, [sic] estimates, photographs, etc, in the manner that they did, believing the advices [sic] of Liberty Mutual, that they were in compliance with the terms of their policy."[20]

An "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."[21] In *Reeves v. Wells Fargo Home Mortg.*, the Fifth Circuit found that a district court did not abuse its discretion in not treating as newly discovered a copy of an unendorsed Deed of Trust and a Promissory Note because the plaintiff alleged that she received it before litigation began.[22] Similarly, in *Templet v. HydroChem, Inc.*, the Fifth Circuit held that the district court's decision to deny reconsideration was not manifestly unjust in law or fact, nor did it ignore newly discovered evidence, where "the underlying facts were well within the [Plaintiffs'] knowledge prior to the district court's entry of judgment. However, the [Plaintiffs] failed to include these materials in any form of opposition or response to the Defendants' motion for summary judgment."[23]

---

[20] *Id.*

[21] *Reeves v. Wells Fargo Home Mortgage*, 544 F. App'x 564, 570 (5th Cir. 2013) *cert. denied*, 134 S. Ct. 2668, (U.S. 2014) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)).

[22] *Id.*

[23] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Here, Plaintiffs offer no reason why the email at issue could not have been presented earlier in opposition to Liberty Mutual's motion for summary judgment. Plaintiffs themselves acknowledge that the email chain "was exchanged between them and Liberty Mutual."[24] As in *Reeves* and *Templet*, the allegedly "newly discovered evidence" appears to have been within Plaintiffs' knowledge and possession prior to the Court's entry of judgment on July 10, 2014.[25]

Accordingly,

**IT IS ORDERED** that Plaintiffs' "Motion to Alter or Amend the Judgment, or Alternatively Reconsideration of Summary Judgment,"[26] is **DENIED**.


**NEW ORLEANS, LOUISIANA**, this __17th__ day of October, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[24] Rec. Doc. 37-1 at p. 2.

[25] Rec. Doc. 34.

[26] Rec. Doc. 37.

5